Tony O. **GIRDLER**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 73A01–1001–CR–14.**

Court of Appeals of Indiana.

Aug. 26, 2010.

Andrew B. Arnett, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Tony Girdler appeals his conviction for Class D felony auto theft. We affirm.

### Issue

The sole issue is whether there is sufficient evidence to support Girdler's conviction.

### Facts

On or about March 1, 2009, Salmon Frye stole a white cargo van from Penske Truck Leasing in Indianapolis. At some point, Frye drove the van to Girdler's property in Shelbyville and left it there. Girdler later told police that he knew the van was stolen, in part because one of its windows had been broken out. He claims he told Frye to remove the van from his property. Frye did not do so, but Girdler did not call police to report what he believed was a stolen vehicle on his property.

On March 14, 2009, approximately one week after Frye first brought the van to Girdler's property, police came to Girdler's property looking for the van after they had apprehended Frye and he had told police about stealing the van. Police found the van parked behind a barn on Girdler's property. They also found tools belonging to Girdler inside the van.

The State charged Girdler with Class D felony auto theft [1] and Class A misdemeanor unauthorized entry of a motor vehicle. After Girdler's bench trial on October 9, 2009, he was convicted as charged. He now appeals, challenging only his auto theft conviction.

---

1. The caption of the charging information states that Girdler was being charged with "Auto Theft; Receiving Stolen Auto Parts." App. p. 32. However, the language of the body of the information and statutory cite in the information are for auto theft, Indiana Code Section 35–43–4–2.5(b).

## Analysis

■■■ Girdler contends there is insufficient evidence to support his auto theft conviction. When we review the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). "It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Id.* When confronted with conflicting evidence, we must consider it in a light most favorable to the conviction. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

To convict Girdler of auto theft as charged, the State was required to prove that he knowingly or intentionally exerted unauthorized control over the motor vehicle of another person, with intent to deprive the owner of the vehicle's value or use. *See* Ind.Code § 35–43–4–2.5(b)(1). As noted by Girdler, the State did not charge him with receiving stolen property or receiving stolen auto parts, despite the fact that there is no evidence that he was involved with Frye in the original theft of the van. Indiana Code Section 35–43–4–2.5(c), the receiving stolen auto parts statute, criminalizes the knowing or intentional receipt, retention, or disposal of a motor vehicle or any part of a motor vehicle that has been the subject of theft.

■■■ It is true that the facts of this case, as applied to Girdler, more closely resemble the crime of receiving stolen auto parts than auto theft. It is a well-settled principle of Indiana law, however, that one may be charged with theft even if the evidence is stronger that the person was not the actual thief and actually received stolen property instead, and vice versa. *See Pur-ifoy v. State*, 821 N.E.2d 409, 413 (Ind.Ct. App.2005), *trans. denied.* Our supreme court has explained:

> If the State meets its burden of proof with respect to all the necessary elements of either the theft or receiving stolen property offense as alleged in the charging instrument, it is of no consequence whether the accused was the person who actually took the stolen property from its authorized possessor because, once this burden is met, the State has proved that the accused, whether actual thief or not, has done precisely what is forbidden by both subsection (a) and (b) [of Indiana Code Section 35–43–4–2]—knowingly or intentionally exercising unlawful control over property of another with a purpose to deprive.

*Gibson v. State*, 643 N.E.2d 885, 892 (Ind. 1994).

■ Both *Purifoy* and *Gibson* were addressing our theft statute, not the auto theft statute. Still, the language of both statutes is virtually identical, and we see no reason why a different rule of law would to apply to theft/receiving stolen property as would apply to auto theft/receiving stolen auto parts. That is, a defendant such as Gibson may be charged with and convicted of auto theft, even if he was not the original thief, so long as the elements of auto theft are met—the knowing or intentional exercise of control over another's vehicle, with intent to deprive the owner of the vehicle's value or use. We acknowledge that some cases from this court have suggested that a defendant cannot be convicted of auto theft if there is no evidence that the defendant was the actual, original thief of the vehicle. *See Buntin v. State*, 838 N.E.2d 1187, 1191 (Ind.Ct.App. 2005) ("since Buntin was charged with the offense of auto theft, and not with the offense of possessing stolen property, we

conclude that the evidence is insufficient to sustain his conviction"); *Trotter v. State*, 838 N.E.2d 553, 557 (Ind.Ct.App.2005) (agreeing with defendant's argument that "Indiana law does not permit the inference he was the person who stole [the victim's] car"). We decline to follow *Buntin* and *Trotter* on this point.

We now directly address whether there is sufficient evidence to support Girdler's auto theft conviction. Girdler specifically contends there is insufficient evidence that he was in exclusive possession of the vehicle for the entire period after the van originally disappeared from the Penske lot. It has been said that there is a "longstanding rule ... requiring, for purposes of supporting a theft conviction in cases of considerable lapses of time, a showing that the defendant had exclusive possession of the stolen property during the period of time since the theft occurred." *Shelby v. State*, 875 N.E.2d 381, 384 (Ind.Ct.App. 2007) (citing *Muse v. State*, 419 N.E.2d 1302, 1304 (Ind.1981)), *trans. denied*. Assuming that the thirteen-day period here between the van's original theft and its recovery by police on Girdler's property was a "considerable" lapse of time, we do not believe that the rule recognized by *Shelby* precludes Girdler's conviction. In other words, we conclude the State was not required to prove that Girdler was in exclusive possession of the van for that entire thirteen-day period.

*Muse*, upon which *Shelby* relied, was a theft case in which the defendant was found in possession of a vehicle reported missing over three months earlier. The defendant had argued that the evidence was "wholly circumstantial" and "did not show that he had actually taken the van or that he knew it was stolen property." *Muse*, 419 N.E.2d at 1303. The defendant had strenuously argued that he did not know the vehicle was stolen, and there was no direct evidence of such knowledge. In light of the facts and the nature of the defendant's argument, our supreme court held, "It is true that where any considerable length of time has elapsed from the time of the theft to the time of the arrest there must be some showing that defendant has had the exclusive possession of the property during that period of time." *Id.* at 1304. The *Muse* court went on to conclude that there was sufficient evidence of the defendant's exclusive possession of the vehicle since shortly after its theft and his knowledge that it was stolen. *Id.*

Here, in contrast to *Muse*, there was direct evidence that Girdler knew the van was stolen from the moment he first saw that Frye had left it on his property; thus, we need not determine whether Girdler had exclusive possession of the vehicle since its theft or shortly thereafter. Girdler originally admitted to police that he knew the van was stolen, based in part on one of its windows being broken out. Thus, unlike in *Muse*, there was no need here for the State to circumstantially prove that Girdler knew the van was stolen. We conclude that the *Muse* rule regarding exclusive possession of stolen property since the time of the original theft only applies where direct evidence of a defendant's knowledge of the property's stolen character is lacking and such knowledge must be proven circumstantially.

Similarly, our supreme court recently addressed the rule regarding the unexplained possession of recently stolen property in the context of charges for theft or receiving stolen property and held that the same rule applies to either charge. Specifically, the court concluded,

the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft. Rather, such possession is to be considered along with the other

evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away).

*Fortson v. State,* 919 N.E.2d 1136, 1143 (Ind.2010). As with *Muse,* the rule regarding the unexplained possession of recently stolen property arose as a means of proving, by circumstantial evidence, a defendant's knowledge that the property was stolen. *See id.* Reliance on circumstantial evidence to prove knowledge is not necessary here.

In addition to Girdler's admission that he knew the van was stolen, he permitted it to remain on his property for five to seven days and failed to take any action to notify police of its presence there. Some tools belonging to Girdler also were found in the van, and Girdler could not explain how they came to be there. This is evidence from which the trial court as fact-finder reasonably could have concluded that Girdler exerted control over the van with intent to deprive Penske of the van's value or use. The State proved all of the elements of auto theft against Girdler, even though he was not the original thief of the van.

### Conclusion

There is sufficient evidence to support Girdler's conviction for auto theft. We affirm.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.