John P. DONOVAN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A05–1003–CR–276.

Court of Appeals of Indiana.

Nov. 24, 2010.

Ernest P. Galos, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

John Donovan appeals his conviction for auto theft as a Class D felony. We affirm.

### Issue

Donovan raises two issues, which we consolidate and restate as whether the evidence is sufficient to sustain his conviction.

### Facts

Nalls Specialized Hauling ("Nalls"), a trucking company in Elizabethtown, Kentucky, leased a white Freightliner semi-tractor from Daimler Trust. In October 2009, the vehicle was stolen. Seven to ten days after the vehicle was stolen, Ronald Brunkel, who owns a repossession company in St. Joseph County, Indiana, saw a Freightliner semi-tractor with the lettering scraped off the vehicle. Brunkel was able to read the word "Specialized," and determined that the vehicle might belong to Nalls. Brunkel called Nalls and learned that a vehicle had been stolen from them.

Brunkel contacted the Indiana State Police, and Troopers Lee Boone and William Parchman arrived to talk with Brunkel. While Brunkel was talking to the troopers, he saw the vehicle drive past. The troopers followed the vehicle, saw that it was missing its required Department of Transportation ("DOT") numbers, and initiated a traffic stop. Donovan was driving the vehicle, and Tonya Snead was a passenger in the vehicle.

The visible vehicle identification numbers ("VIN") on the vehicle had also been scraped off, and the ignition was "hot-wired." Tr. p. 139. A VIN number found in the engine compartment of the vehicle matched the VIN number of the semi-tractor missing from Kentucky. Donovan told Trooper Boone that he did not have

an ignition key, a registration, or a license plate for the vehicle. Donovan was aware that it was illegal to drive a vehicle without a license plate. Donovan said that he had received the vehicle from "Paul Monroe" at the Pilot Truck Stop in Marshall County, Indiana. Donovan claimed that Monroe asked him to transport the vehicle, but Donovan could not provide contact information for Monroe.

The State charged Donovan with auto theft as a Class D felony for knowingly exerting "unauthorized control over the motor vehicle of Daimler Trust, to-wit: a Freight Linyear, by possession [sic] same with the intent to deprive Daimler Trust of any part of the vehicle's value or use." App. p. 7. At the jury trial, the State admitted a Kentucky Certificate of Registration for the truck that indicated the owner as Daimler Trust. Donovan did not object to the admission of the document. The jury found Donovan guilty as charged, and the trial court sentenced him to three years in the Department of Correction. Donovan now appeals.

## Analysis

Donovan argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State,* 907 N.E.2d 1003, 1005 (Ind.2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.* It is well established that "circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable

doubt." *Pratt v. State,* 744 N.E.2d 434, 437 (Ind.2001).

The offense of auto theft is governed by Indiana Code Section 35-43-4-2.5(b), which provides that "[a] person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of ... the vehicle's value or use ... commits auto theft, a Class D felony." Donovan argues that the evidence is insufficient to sustain his conviction because the State failed to prove that he took the vehicle from Nalls. According to Donovan, the State was required to show that he had exclusive possession of the vehicle for the entire seven to ten day period of time from its theft to his arrest.

Donovan bases his argument on *Shelby v. State,* 875 N.E.2d 381 (Ind.Ct.App.2007), *trans. denied,* where this court held that "where any considerable length of time has elapsed from the time of the theft to the time of the arrest there must be some showing that the defendant has had the exclusive possession of the property during that period of time." *Shelby,* 875 N.E.2d at 385 (citing *Muse v. State,* 419 N.E.2d 1302, 1304 (Ind.1981), and *Ward v. State,* 260 Ind. 217, 219, 294 N.E.2d 796, 797 (1973)). This quote implies that the State must demonstrate the defendant's exclusive possession of the property during the entire time between its theft and the defendant's arrest. The State concedes that the vehicle at issue here was not recently stolen, and it is undisputed that there is no evidence of Donovan's exclusive possession of the vehicle from the time of its theft to the time of Donovan's arrest. Thus, according to Donovan, the evidence is insufficient to sustain his conviction.

However, the *Shelby* court also noted: "In cases where the defendant is found to be in possession of property which has not been recently stolen, and there has been

no showing of exclusive possession of the property during the relevant time frame, *this court may also consider additional evidence tending to support the defendant's conviction." Id.* (emphasis added). There is certainly additional evidence here tending to support Donovan's conviction, including that the vehicle was hot-wired, the DOT numbers were scraped off, most of the VIN numbers were removed, Donovan did not have an ignition key, a registration, or a license plate for the vehicle, and he was unable to provide contact information for "Paul Monroe." *See Jelks v. State,* 720 N.E.2d 1171, 1175 (Ind.Ct.App. 1999) (holding that a trier of fact could infer the defendant was guilty of auto theft where, six days after the vehicle was stolen, the defendant was found driving it, the locks and ignition had been rekeyed, the license plate number did not match the car, the VIN number had been altered, and identifying stickers on the car's door had been removed); *but see Shelby,* 875 N.E.2d at 386 (holding that the evidence was insufficient to support the defendant's conviction for auto theft where the defendant was found in possession of the vehicle fifteen days after it was stolen).

Moreover, we recently addressed a similar issue in *Girdler v. State,* 932 N.E.2d 769 (Ind.Ct.App.2010). There, we held:

> It is a well-settled principle of Indiana law, however, that one may be charged with theft even if the evidence is stronger that the person was not the actual thief and actually received stolen property instead, and vice versa. *See Purifoy v. State,* 821 N.E.2d 409, 413 (Ind.Ct. App.2005), *trans. denied.* Our supreme court has explained:
>
>> If the State meets its burden of proof with respect to all the necessary elements of either the theft or receiving stolen property offense as alleged in the charging instrument, it is of no

consequence whether the accused was the person who actually took the stolen property from its authorized possessor because, once this burden is met, the State has proved that the accused, whether actual thief or not, has done precisely what is forbidden by both subsection (a) and (b) [of Indiana Code Section 35–43–4–2]–knowingly or intentionally exercising unlawful control over property of another with a purpose to deprive.

*Gibson v. State,* 643 N.E.2d 885, 892 (Ind.1994).

> Both *Purifoy* and *Gibson* were addressing our theft statute, not the auto theft statute. Still, the language of both statutes is virtually identical, and we see no reason why a different rule of law would to apply to theft/receiving stolen property as would apply to auto theft/receiving stolen auto parts. That is, a defendant such as Gibson may be charged with and convicted of auto theft, even if he was not the original thief, so long as the elements of auto theft are met-the knowing or intentional exercise of control over another's vehicle, with intent to deprive the owner of the vehicle's value or use.

*Girdler,* 932 N.E.2d at 771.

We acknowledged in *Girdler* that "some cases from this court have suggested that a defendant cannot be convicted of auto theft if there is no evidence that the defendant was the actual, original thief of the vehicle." *Id.* at 771–72 (citing *Buntin v. State,* 838 N.E.2d 1187, 1191 (Ind.Ct.App. 2005) (concluding that "since Buntin was charged with the offense of auto theft, and not with the offense of possessing stolen property, we conclude that the evidence is insufficient to sustain his conviction")); and *Trotter v. State,* 838 N.E.2d 553, 557 (Ind.Ct.App.2005) (agreeing with defendant's argument that "Indiana law does

not permit the inference he was the person who stole [the victim's] car"). However, we declined to follow *Buntin* and *Trotter* on this point. *Id.* at 772.

We held that the State was not required to prove that Girdler was in exclusive possession of the vehicle for the entire thirteen-day period it was missing.[1] If a defendant may be charged with auto theft even if he is not the original thief, it makes little sense to require the State to show that the defendant has had exclusive possession of the property since the time it was stolen.[2] Similarly, here, we conclude that the State was not required to show that Donovan had exclusive possession of the vehicle from the time of the theft to the time of Donovan's arrest. Rather, as with other offenses, the trier of fact should look at all of the evidence to determine if the defendant is guilty of the offense beyond a reasonable doubt.

Our supreme court's recent decision in *Fortson v. State*, 919 N.E.2d 1136 (Ind. 2010), is also instructive here. In *Fortson*, our supreme court considered the possession of a recently stolen vehicle in the context of a receiving stolen property conviction. The court noted that, since 1970, "our courts have adhered to some variation of the rule that the unexplained possession of recently stolen property standing alone is sufficient to sustain a verdict of guilty of theft." *Fortson*, 919 N.E.2d at 1142. The court abandoned the "so-called mere possession rule" and held that "the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft." *Id.* at 1143.

Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away). In essence, the fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.

*Id.* Thus, our supreme court has indicated that the trier of fact must assess all of the evidence instead of focusing upon one piece of evidence, such as possession of recently stolen property. Similarly, here, a trier of fact should assess all of the evidence, rather than focusing on evidence of the defendant's exclusive possession of the property.

1. We went on to distinguish the facts in *Girdler* from the circumstances in *Muse* because Girdler admitted that he knew the vehicle was stolen.

2. The *Shelby* court noted the difficulty reconciling our supreme court's opinions of *Gibson* and *Muse*:

[W]e are unable to reconcile the *Gibson* court's alternative theory of auto theft with the longstanding rule as articulated in *Muse v. State*, 419 N.E.2d 1302, 1304 (Ind.1981), requiring, for purposes of supporting a theft conviction in cases of considerable lapses of time, a showing that the defendant had exclusive possession of the stolen property during the period of time since the theft occurred. This requirement appears to be fundamentally incompatible with the State's and the *Gibson* court's alternative interpretation of auto theft allowing for the mere knowing exercise of control-at any time-over the stolen property. Accordingly, we decline to apply the State's interpretation of the offense of auto theft.

*Shelby*, 875 N.E.2d at 384. We also note the difficulty in reconciling *Gibson* and *Muse*, but *Gibson* is our supreme court's more recent pronouncement. Moreover, we conclude that continued reliance on *Muse's* statement regarding exclusive possession is questionable given our supreme court's recent decision in *Fortson v. State*, 919 N.E.2d 1136 (Ind.2010), as we discuss below.

Here, Donovan was found driving the vehicle seven to ten days after it was stolen in Kentucky. At that time, the visible vehicle identification numbers ("VIN") on the vehicle had been scraped off, and the ignition was "hot-wired." Tr. p. 139. The DOT number, which was required to be on the vehicle, had been scraped off. Donovan told Trooper Boone that he did not have an ignition key, a registration, or a license plate for the vehicle. Donovan was aware that it was illegal to drive a vehicle without a license plate. Although Donovan said that he had received the vehicle from "Paul Monroe" at the Pilot Truck Stop in Marshall County, Indiana, and that Monroe asked him to transport the vehicle, Donovan could not provide contact information for Monroe. This evidence was sufficient to demonstrate that Donovan knowingly or intentionally exerted unauthorized control over Daimler Trust's vehicle, with the intent to deprive Daimler Trust of the vehicle's value or use.[3]

### Conclusion

The evidence is sufficient to sustain Donovan's conviction for auto theft as a Class D felony. We affirm.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.

---

3. Donovan also argues that the evidence is insufficient to sustain his conviction because the State failed to prove ownership of the vehicle. At the trial, the State admitted a Kentucky Certificate of Registration for the truck that indicated the owner as Daimler Trust. Donovan did not object to the admission of the document. Additionally, Robert Hornback, an employee of Nalls, testified that Nalls had leased the vehicle from Daimler Trust. This evidence was sufficient to show Daimler Trust's ownership of the vehicle.