## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 12 2016, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Spearman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 12, 2016<br><br>Court of Appeals Case No.<br>49A05-1512-CR-2072<br><br>Appeal from the Marion County<br>Superior Court<br><br>The Honorable Grant Hawkins,<br>Judge<br><br>Trial Court Cause No.<br>49G05-1405-MR-022788 |

**Altice, Judge.**

**Case Summary**

[1] Following a bench trial, Anthony Spearman was convicted of one count of murder, a felony, and one count of robbery, a Class B felony. Spearman appeals, arguing that the evidence is insufficient to support his convictions.

[2] We affirm.

## Facts & Procedural History

[3] On April 22, 2014, Kevin Coughlin and Adrian Thomas left Coughlin's Marion County home to purchase methamphetamine. They drove to a Chase Bank (the Bank) in Coughlin's gray Pontiac Vibe. At 10:42 p.m., Coughlin withdrew $300 from the ATM and gave it to Thomas. Coughlin stayed at the Bank in his vehicle while Thomas went to purchase methamphetamine from a dealer named "Larry." *Transcript* at 48. While Coughlin was withdrawing money, the Bank's surveillance video showed two individuals walking down the sidewalk and crossing the street toward the Bank. At 10:43 p.m., the surveillance video showed Coughlin's vehicle being driven away from the Bank.

[4] Thomas purchased the methamphetamine and returned to the Bank about thirty minutes later, but neither Coughlin nor his vehicle were at the Bank. Thomas waited at the Bank for approximately thirty minutes and then attempted to call Coughlin, but Coughlin did not answer.

[5] At approximately 12:30 a.m. on April 23, 2014, a 911 caller stated that he heard five gunshots outside his bedroom window. The police responded and when they arrived found a deceased individual on the ground in the middle of an

alley off of West 34th Street. The individual's wrists and ankles were bound with cables and a cloth was in his mouth. An autopsy revealed that the deceased individual had suffered six gunshot wounds. The following day, the deceased individual was identified as Coughlin. Police went to Coughlin's home to confirm that he was missing and found it ransacked. Coughlin's vehicle was also missing.

On May 1, 2014, an officer spotted a gray Pontiac Vibe that fit the description of Coughlin's missing vehicle and began following it. The officer ran the vehicle's license plate number through his computer and confirmed that it was Coughlin's. After requesting backup, the officer continued following the vehicle until it parked in front of a residence on Brookway Avenue, where the driver lived with Katelynn Persinger. At that time, because no other officers had arrived yet, the officer "ordered both the driver and the passenger to put their hands up where [he] could see them." *Id.* at 108. When additional officers arrived, they ordered the occupants out of the vehicle. The driver was identified as Spearman. The officers then searched the inside of the vehicle and found a cell phone under the driver's seat. Spearman told the police that he obtained Coughlin's vehicle on April 28, 2014 from an individual named "B" in exchange for drugs. However, Persinger stated that she had first seen Spearman with the vehicle around April 24, 2014.

That same day, police discovered a camouflaged bulletproof flack vest, jeans with a chlorine burn, and a nine millimeter live round in a tote in the basement

of Spearman and Persinger's residence. In her testimony, Persinger stated that she never had a gun.

[8] Spearman agreed to speak with the police and informed them that the phone in the vehicle was his. The records for Spearman's phone indicated that his phone was in the vicinity of the Bank at the time of Coughlin's ATM withdrawal, Coughlin's house later that night, and the alley where Coughlin's body was discovered. The phone's internet and search history revealed that between April 25 and April 27, 2014, there were three searches with the titles of the pages being "question buying car without title," "sell my car without title," and "lost title bond for stolen or defective vehicle titles." *Id*. at 264-66. Between April 25 and April 29, 2014, there were additional searches for websites dealing with salvage yards where people could buy and sell car parts. On April 26 and April 27, 2014, two other searches were made on a local media station's website. The titles of the articles accessed were "Investigators working to identify man found bound dead in alley" and "Do you know this man, police need help identifying homicide victim." *Id*. at 266.

[9] Additionally, the police were able to find two pictures on Spearman's phone of a Smith & Wesson SW or SD series handgun.[1] The pictured gun was either a nine millimeter or a .40 caliber. An analysis of the spent casings found in the

---

[1] A Smith & Wesson SW and SD are "similar-type model[s]." *Id*. at 280.

alley and in Coughlin's shirt revealed that the type of gun used to shoot Coughlin was a nine millimeter Smith & Wesson.

[10] On May 5, 2014, the State charged Spearman with Count I, murder; Count II, felony murder; Count III, Class A felony robbery; and Count IV, Class B felony criminal confinement. The State also added a sentencing enhancement as Count V for the use of a firearm in the commission of a felony. On August 18, 2015, Spearman waived his right to a jury trial. A bench trial took place on October 29, 2015, at the conclusion of which the trial court found Spearman guilty as charged.

[11] At the sentencing hearing on November 13, 2015, the trial court dismissed Counts II and V, merged Count IV into Count III, and reduced Count III to a Class B felony due to double jeopardy concerns. The trial court then sentenced Spearman to sixty years for Count I and twelve years for Count III to be served consecutively.

[12] Spearman now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[13] When reviewing the sufficiency of the evidence to support a criminal conviction, we examine only the "probative evidence and reasonable inferences supporting the verdict." *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016) (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)). "It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence

to determine whether it is sufficient to support a conviction." *Id.* We will affirm if there is "substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Norvell v. State*, 960 N.E.2d 165, 167 (Ind. Ct. App. 2011).

[14] Spearman contends that the circumstantial evidence was not sufficient to support his convictions for murder and felony robbery. It is well settled that "circumstantial evidence alone may be sufficient to sustain a conviction." *Harbert v. State*, 51 N.E.3d 267, 275 (Ind. Ct. App. 2016). The evidence need not "overcome every reasonable hypothesis of innocence." *Sallee*, 51 N.E.3d at 133. Rather, "circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt." *Donovan v. State*, 937 N.E.2d 1223, 1224 (Ind. Ct. App. 2010); *see also Kriner v. State*, 699 N.E.2d 659, 664 (Ind. 1998) ("[c]ircumstantial evidence by its nature is a web of facts in which no single strand may be dispositive").

[15] To support Spearman's murder conviction, the State was required to prove that Spearman "knowingly or intentionally kill[ed] another human being . . . ." Ind. Code § 35-42-1-1. To support Spearman's Class B felony robbery conviction, the State was required to prove that Spearman:

> knowingly or intentionally [took] property from another person
> or from the presence of another person:
>
> (1) by using or threatening the use of force on any person; or

(2) by putting any person in fear.

I.C. § 35-42-5-1. To support the enhancement to a Class B felony, the State also had to prove that Spearman committed the offense while armed with a deadly weapon or that the offense resulted in bodily injury to any person other than a defendant. *Id.*

[16] Spearman argues that the circumstantial evidence is insufficient to support his convictions. The evidence most favorable to the convictions shows that Spearman was caught driving Coughlin's vehicle eight days after Coughlin's murder. Though Spearman stated that he obtained the vehicle in a drug transaction with a man named "B" five days after Coughlin's murder, Persinger testified that she first saw Spearman with the vehicle the day after the murder. Furthermore, Spearman gave a detective some phone numbers of individuals who might know information on "B," but the detective was unsuccessful in reaching them. The detective also tried calling a number Spearman thought might reach "B," but that number was disconnected. Additionally, Spearman gave a description of "B" that made the detective feel that "B" was "an anonymous person that [sic] [Spearman] made up, his description was completely irrelevant" and "very generic." *Transcript* at 212, 225.

[17] The evidence at trial also shows that Spearman's phone, which was found under the driver's seat, was near the same locations—the Bank where Coughlin withdrew money, the alley where Coughlin's body was found, and Coughlin's ransacked house—on the day Coughlin was murdered. Spearman asserts that

he shared his phone with his cousin and that there is no evidence that it was Spearman who was using the phone at the critical times. Interestingly, the record reveals that Spearman never mentioned anyone else having his phone when he provided his voluntary statement to a detective shortly after the murder.

[18] Additional evidence at trial reveals that Spearman's search history—starting two days after Coughlin's murder—consisted of searches dealing with buying and selling cars without a title, losing a title for a stolen vehicle, and salvage yards where people buy and sell car parts. The search history also showed that news articles concerning the circumstances of Coughlin's murder were accessed.

[19] We also note that Spearman's phone also contained two pictures of a Smith & Wesson SW or SD handgun that was either a nine millimeter or a .40 caliber. These pictures were taken by Spearman's camera phone near the date of Coughlin's murder. When an officer searched the tote of Spearman's property, he found a nine millimeter live round with his other property. It was ultimately determined that the gun used to shoot Coughlin was a nine millimeter Smith & Wesson SW or SD handgun.

[20] We need not decide whether any single piece of evidence would sufficiently overcome reasonable doubt as to Spearman's guilt. The aggregate evidence produces a "web of facts" that was sufficient for the trial court to infer Spearman's guilt for murder beyond a reasonable doubt. *See Kriner*, 699 N.E.2d

at 664. Likewise, the trial court had sufficient evidence from the facts noted above to find Spearman guilty of robbery as a Class B felony beyond a reasonable doubt.

[21] Judgment affirmed.

[22] Bailey, J. and Bradford, J., concur.