# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LAMONT HOLLOWAY,                    )
                                    )
    Appellant-Defendant,             )
                                    )
        vs.                     )     No. 49A02-1207-CR-548
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1111-FB-78761

**February 27, 2013**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Lamont Holloway appeals his convictions for burglary as a class B felony[1] and theft as a class D felony.[2] Holloway raises one issue, which we restate as whether the evidence was sufficient to support his convictions for burglary and theft. We affirm.

The relevant facts follow. Holloway lived in Marion County in a townhome which was adjacent to Valerie Suggs's townhome. The front doors of the two townhomes were "within a couple feet of each other" and shared a common wall. Transcript at 7. At approximately 2:00 p.m. on October 26, 2011, Suggs left home to travel to a clinic where she worked and locked the doors and turned out all of the lights as she left. At approximately 4:30 p.m., Suggs's daughter returned to the townhome after school, noticed that the television and a gaming system were missing, that a light was on in the home, and that a window in the back was broken, and called Suggs at work. Suggs instructed her daughter to leave the home immediately, left work to travel home, and while traveling called the police and maintenance personnel so that someone would be with her daughter until she arrived home.

After arriving home, Suggs observed that a security bar to her patio door had been bent, that the kitchen window had been broken and there was glass on the floor, that her bedroom "had been completely ransacked," and that a number of items were missing including a 42-inch television, a gaming system, a laptop, and a couch slipcover. Id. at 15. At some point, Suggs also discovered that a red baggie containing earrings and a necklace which she had left on a headboard in her bedroom was missing. Suggs later

[1] Ind. Code § 35-43-2-1 (2004).

[2] Ind. Code § 35-43-4-2 (Supp. 2009).

discovered other items missing, including a set of her car keys and a key to her shed, several electronic items, an iPad, some money, a watch which belonged to her daughter, and other mementos.

Suggs provided police with the serial numbers for several of the missing items, including the television and gaming system. Indianapolis Metropolitan Police Detective Jerry Salluom investigated the burglary and theft and, using the serial numbers of the television and gaming system which had been taken from Suggs's home, was able to determine that the items had been sold to a pawn shop by Holloway at 4:41 p.m. on the day the items were taken. Detective Jerry Salluom arrested Holloway.

On November 10, 2011, the State charged Holloway with burglary as a class B felony and theft as a class D felony. In January 2012, the State alleged that Holloway was an habitual offender. At Holloway's bench trial, Suggs testified regarding her observations on October 26, 2011, including that she would see Holloway "[f]requently," that "pretty much anytime I walked out of my home . . . I had the very high chance of seeing him," and that she had seen Holloway at about 1:00 p.m. on the day of October 26, 2011. Id. at 8. The State presented the testimony of the owner of the pawn shop where Holloway sold the television and gaming system, who testified regarding the business's procedures to collect information regarding any seller of property and the merchandise purchased, and the State introduced the pawn tickets for the television and gaming system purchased from Holloway. Also, Detective Salluom indicated that the drive from the townhomes to the pawn shop was approximately fifteen minutes.

The court found Holloway guilty of burglary and theft as charged and found Holloway to be an habitual offender. The court sentenced Holloway to ten years for the

burglary conviction, one and one-half years for the theft conviction to run concurrently with the sentence for the burglary conviction, and enhanced the sentence for the burglary conviction by ten years based upon the habitual offender finding for an aggregate sentence of twenty years in the Department of Correction.

The issue is whether the evidence is sufficient to sustain Holloway's convictions for burglary and theft. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. Id. We consider conflicting evidence most favorably to the trial court's ruling. Id. We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. Id. at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. Id.

Identification testimony need not necessarily be unequivocal to sustain a conviction. Heeter v. State, 661 N.E.2d 612, 616 (Ind. Ct. App. 1996). Elements of offenses and identity may be established entirely by circumstantial evidence and the logical inferences drawn therefrom. Bustamante v. State, 557 N.E.2d 1313, 1317 (Ind. 1990). As with other sufficiency matters, we will not weigh the evidence or resolve questions of credibility when determining whether the identification evidence is sufficient to sustain a conviction. Id. Rather, we examine the evidence and the reasonable inferences therefrom that support the conviction. Id.

4

Holloway maintains that the evidence is insufficient to support his convictions for burglary and theft. The offense of burglary as a class B felony is governed by Ind. Code § 35-43-2-1, which provides in part that "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is . . . a Class B felony if . . . the building or structure is a . . . dwelling . . . ." Thus, to convict Holloway of burglary as a class B felony, the State needed to prove that he broke and entered a dwelling with intent to commit a felony in it. The offense of theft as a class D felony is governed by Ind. Code § 35-43-4-2, which provides in part that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." Thus, to convict Holloway of theft as a class D felony, the State needed to prove that he knowingly or intentionally exerted unauthorized control over Suggs's property with intent to deprive her of any part of the property's value or use.

Holloway specifically argues that the State presented insufficient evidence to prove beyond a reasonable doubt that he participated in the burglary itself. He asserts that there was no fingerprint evidence, no DNA evidence, no photographs or surveillance video implicating or identifying him as the person who had broken into Suggs's home, and that no witnesses saw him entering or leaving Suggs's home. He argues that the State did not allege that he was guilty of receiving stolen property and that the trial court did not convict him on that theory. Holloway also cites to Fortson v. State, 919 N.E.2d 1136 (Ind. 2010), for the proposition that the fact that he was in possession of the recently stolen television and gaming console did not permit a conclusion that he took them, that

5

those facts should have been considered along with the other evidence in the case, that the only other evidence was that he sold those items at a pawn shop that day and lived next door to Suggs, and that these facts do not show beyond a reasonable doubt that he was the thief. Holloway further asserts that pawning an item on the same day it was stolen, while suspicious, does not allow an automatic inference that the individual pawning it was the person who broke into a home and stole it and that his convictions must be vacated.

The State maintains that the evidence was sufficient to sustain Holloway's convictions and that Holloway's claim on appeal is merely an invitation for this court to reweigh the evidence. The State argues that Suggs's home was unattended for a very small window of time, that the front doors of Suggs's and Holloway's homes were mere feet from each other, that Holloway was typically home when Suggs would come and go from her home and, as her immediate neighbor, he would have special knowledge of when Suggs's home was unoccupied and when Suggs's daughter would return from school. The State argues that Holloway pawned the items within a maximum two and one-half hours of the burglary, and that given the possession of the stolen property and Holloway's relationship to and special knowledge of Suggs's home, the trial court could and did reasonably infer that Holloway committed the burglary and theft.

While the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft, such possession is to be considered "along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away)." Donovan

6

v. State, 937 N.E.2d 1223, 1226 (Ind. Ct. App. 2010) (citing Fortson, 919 N.E.2d at 1143), trans. denied. The fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt. Id.; see also Girdler v. State, 932 N.E.2d 769, 773 (Ind. Ct. App. 2010) (noting that possession of recently stolen property is to be considered along with the other evidence in a case and the circumstances of the possession). The trier of fact must assess all of the evidence instead of focusing upon one piece of evidence, such as possession of recently stolen property. Donovan, 937 N.E.2d at 1226.

In this case, as Suggs's immediate neighbor who was at home a short time before Suggs left for work, Holloway was in a position to know when Suggs's townhome was unoccupied and had the opportunity to commit the burglary and theft. The evidence shows that Holloway lived in a townhome directly adjacent to Suggs's townhome and that the townhomes shared a common wall. Further, Suggs testified that she saw Holloway frequently and had seen him at about 1:00 p.m. on the day of October 26, 2011. In addition, the evidence shows that Suggs left her townhome for work at approximately 2:00 p.m. and that her daughter returned to the home from school at 4:30 p.m. to discover the broken kitchen window and that property was missing. In addition, the evidence reveals that Holloway possessed and pawned the property taken from Suggs's home a very short time after the items had been taken from the home. Specifically, the evidence shows that Holloway sold the television and gaming system to the pawn shop at 4:41 p.m. on the day the items were taken and that the drive from the townhomes to the pawn shop was approximately fifteen minutes. A reasonable inference from the evidence is

7

that Holloway was the person who entered Suggs's home and took the property. While the trial court could have made different inferences from the evidence, we cannot say that the inferences made by the court here were unreasonable.

Based upon the evidence, a rational factfinder could have found that Holloway broke and entered Suggs's townhome with intent to commit a felony in it and that he exercised unauthorized control over the property with the intent to deprive its owner of its value or use. Thus, we conclude that evidence of probative value exists from which the court as the trier of fact could have found Holloway guilty beyond a reasonable doubt of burglary as a class B felony and theft as a class D felony. See Donovan, 937 N.E.2d at 1226-1227 (holding that the evidence was sufficient to sustain the defendant's conviction for auto theft); Brink v. State, 837 N.E.2d 192, 198 (Ind. Ct. App. 2005) (holding that the inferences made by the trier of fact were not unreasonable and affirming the defendant's convictions for burglary and theft), trans. denied.

For the foregoing reasons, we affirm Holloway's convictions for burglary as a class B felony and theft as a class D felony.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.