Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 10 2013, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BERNICE A. N. CORLEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAON L. BELLAMY,                              )
                                             )
    Appellant-Defendant,                      )
                                             )
         vs.                                )     No. 49A04-1210-CR-500
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.                       )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Judge
The Honorable Amy Barbar, Magistrate
Cause No.  49G02-1204-FC-026994

**May 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Daon L. Bellamy appeals his conviction for Class D felony theft. He argues that the evidence is insufficient to support his conviction. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

At 4:48 a.m. on April 24, 2012, Indianapolis Metropolitan Police Department Officers Brian Ramey and Stephanie Greene were in separate vehicles driving eastbound on West 38th Street. Officer Ramey observed a black male, later identified as Bellamy, who was bending over and appeared to be picking up a computer monitor in front of a closed business in a strip mall at 5435 West 38th Street. The officers stopped to investigate. Officer Ramey approached 5435 West 38th Street from the east and found a computer monitor on the ground near where he had just seen Bellamy. Bellamy was not there. Officer Ramey circled the building and found a Dell computer tower, printer, Panasonic fax machine, and other office electronics on the ground behind the building. Officer Ramey walked to the building to the west, 5457 West 38th Street, and found Bellamy lying on the sidewalk in front of ImmediaDent pretending to be asleep. Bellamy was breathing very heavy, as if he had been running. Bellamy had Bud Light beer bottles in his pocket, a phone clipped to one side of his pants, and a knife clipped to the other side of his pants. Officer Ramey stood Bellamy up, removed the knife and beer bottles, and handcuffed him.

Meanwhile, other officers arrived on the scene and found a broken window at Express Tax, which was located at 5339 West 38th Street in a strip mall to the east of

where Officer Ramey first saw Bellamy. Officer Ramey observed that Express Tax was ransacked. Officer Ramey also located a large Brother printer, a Hoover vacuum, and an empty box of Bud Light beer near the back door of Express Tax. The owner of Express Tax, Victor Chickerema, identified the office electronics recovered from behind the buildings and the phone recovered from Bellamy's person as belonging to the business. According to Victor, a laptop and a new computer were never recovered. An evidence technician took fingerprints from several of the items. Although some of the fingerprints belonged to Victor and his brother, who also worked at Express Tax, the rest of the fingerprints were unidentifiable.

The State charged Bellamy with Class C felony burglary and Class D felony theft. A jury trial was held. At trial, the State introduced a large map of the area, which showed the proximity of the Express Tax that was burglarized, the business where Officer Ramey first saw Bellamy, and the ImmediaDent where Officer Ramey found Bellamy pretending to be asleep. Victor testified that on the morning of the crime, April 24, he was at Express Tax until about 3:00 a.m. because he had received a phone call that a window had been broken at his business and he decided to stay there to protect it. However, he eventually left because it was too cold. Victor also testified that the phone found on Bellamy belonged to the Panasonic fax machine that was taken from his office. Victor's brother, Martin Chickerema, testified that he had left work around 6:00 p.m. on the evening of April 23 and that he had purchased a box of 18 Bud Light beers—some of which he kept in the work refrigerator and the rest of which he kept in the box. The State introduced photographs of the office electronics recovered from behind the buildings, the

computer monitor Officer Ramey had seen Bellamy trying to pick up, and the phone and bottles of Bud Light beer found on Bellamy's person.

The jury found Bellamy guilty of Class D felony theft. The trial court sentenced Bellamy to two years as a direct commitment to Marion County Community Corrections Work Release. The court also entered a civil judgment in favor of Victor in the amount of $1300. Bellamy now appeals.

**Discussion and Decision**

Bellamy contends that the evidence is insufficient to support his theft conviction. When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence—even if conflicting— and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. *Id.* "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.*

In order to convict Bellamy of theft, the State had to prove beyond a reasonable doubt that Bellamy knowingly exerted unauthorized control over property, i.e., computer(s) and/or fax machine and/or beer of Express Tax with intent to deprive Express Tax of any part of the value or use of the property. Ind. Code § 35-43-4-2(a); Appellant's App. p. 25.

Bellamy argues that pursuant to *Fortson v. State*, he merely had unexplained possession of recently stolen property. While the mere unexplained possession of

4

recently stolen property standing alone does not automatically support a conviction for theft, such possession is to be "considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away)." *Fortson v. State*, 919 N.E.2d 1136, 1143 (Ind. 2010). The fact of possession and all the surrounding evidence must be assessed to determine whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Holloway v. State*, 983 N.E.2d 1175, 1179 (Ind. Ct. App. 2013). The trier of fact must assess all of the evidence instead of focusing upon one piece of evidence, such as possession of recently stolen property. *Id.*

The record shows that Victor left Express Tax around 3:00 a.m. because he was too cold from the broken window, and Officer Ramey discovered Bellamy around 4:48 a.m. trying to pick up a computer monitor. Bellamy was found in possession of a computer monitor, bottles of Bud Light beer, and a Panasonic fax machine telephone belonging to Express Tax shortly after the items were taken and in close proximity to the Express Tax office. Bellamy possessed the beer bottles and telephone—items that are easily concealed—on his person. The jury could have concluded that Bellamy, after taking the items, left the computer monitor when he saw the officers, ran from the scene, and then laid down pretending to be asleep when he realized he could not escape. The fact that Bellamy possessed the stolen items and the surrounding evidence allowed the jury to conclude that Bellamy knowingly exerted unauthorized control over Express Tax's property with intent to deprive Express Tax of any part of its value or use.

5

Nevertheless, Bellamy argues that there is an alternative explanation for how he came into possession of the items—he simply wandered upon the abandoned items outside Express Tax. However, this is an argument that Bellamy made to the jury, and the jury rejected. Bellamy's argument is a simply a request for us to reweigh the evidence, which we will not do. The evidence is sufficient to support Bellamy's conviction for Class D felony theft.

Affirmed.

KIRSCH, J., and PYLE, J., concur.