**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GERALD M. JOYCE,                )
                                )
    Appellant-Defendant,        )
                                )
        vs.                     )   No. 49A02-1302-CR-120
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

**APPEAL FROM MARION SUPERIOR COURT**
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49G02-1108-FC-60850

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Gerald M. Joyce appeals his convictions of Class C felony burglary[1] and Class D felony theft,[2] alleging the evidence was insufficient to prove he was the person who committed the crime. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Between 5:00 p.m. on May 20, 2011, and 6:00 a.m. on May 21, 2011, someone broke into a large commercial building on Main Street in Speedway and removed much of the copper wiring from the building. The owner estimated the missing wire would have weighed between 600 and 700 pounds. Several car radios and a set of small torches were also taken.

A contractor who worked in the building every day noticed that red bolt cutters had been moved from the location where he had hung them on the wall before leaving work on May 20. A latent fingerprint on the bolt cutters matched Joyce's, and police learned that, just after 8:00 a.m. on May 21, 2011, Joyce sold 669 pounds of copper wiring to Circle City Metal Recycling, which is located approximately five miles from the burglarized commercial building.

The State initially charged Joyce with burglary and theft, and then added an habitual offender allegation. A jury found Joyce guilty of burglary and theft, and Joyce admitted being an habitual offender. The court ordered an aggregate ten-year sentence.

**DISCUSSION AND DECISION**

Joyce alleges the State presented insufficient evidence he committed the burglary and

[1] Ind. Code § 35-43-2-1.
[2] Ind. Code § 35-43-4-2.

2

theft at issue.

> When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Id.*
>
> Identification testimony need not necessarily be unequivocal to sustain a conviction. *Heeter v. State,* 661 N.E.2d 612, 616 (Ind. Ct. App. 1996). Elements of offenses and identity may be established entirely by circumstantial evidence and the logical inferences drawn therefrom. *Bustamante v. State,* 557 N.E.2d 1313, 1317 (Ind. 1990). As with other sufficiency matters, we will not weigh the evidence or resolve questions of credibility when determining whether the identification evidence is sufficient to sustain a conviction. *Id.* Rather, we examine the evidence and the reasonable inferences therefrom that support the conviction. *Id.*

*Holloway v. State*, 983 N.E.2d 1175, 1177-78 (Ind. Ct. App. 2013).

The State presented evidence that Joyce's fingerprint matched a fingerprint found on a pair of bolt cutters that were inside the burglarized building. Those bolt cutters belonged to the business that owned the building and, after the burglary, were in a different location than where they had been placed the night before the burglary. An employee of the business, who had been using the bolt cutters every day for two months, testified that no one else had used them during that time and that he did not know Joyce or give him permission to use the bolt cutters. That evidence permits a reasonable inference that Joyce was in the building and handled the bolt cutters on the night in question.

3

In addition, the owner of the building estimated that six or seven hundred pounds of copper wiring had been removed from the building during the theft, and the records from a metal salvage business indicated Joyce had sold 669 pounds of wiring to the salvage company hours after the burglary. Joyce's possession of the stolen property so soon after it was stolen and Joyce's fingerprint on a tool inside the crime scene together provided sufficient evidence Joyce committed the burglary and theft in question. *See id*. at 1179 (affirming conviction of burglary and theft based on circumstantial evidence). Joyce's arguments to the contrary are invitations for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge credibility of witnesses). Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.