## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Feb 19 2015, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kevin Wild<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Jesse R. Drum<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry Anderson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 19, 2015<br><br>Court of Appeals Case No.<br>49A04-1407-CR-304<br><br>Appeal from the Marion Superior Court; The Honorable Marc Rothenberg, Judge;<br>49G02-1301-MR-4295 |

**May, Judge.**

[1] Larry Anderson challenges the sufficiency of evidence supporting his conviction of murder.[1] He alleges the evidence did not demonstrate he was the shooter.

[2] We affirm.

## Facts and Procedural History

[3] On November 9, 2012, Anderson was driving around town with Asia Baker, Jalessa Hill, and Thomelia Wilson. Baker talked on the phone with Chris Roberts, and Roberts agreed to sell drugs to Anderson. When they arrived where Roberts was, Roberts and his friend, Joey Griffin, came outside to meet the vehicle on the street. Roberts and Anderson talked through the driver's window. Griffin waited on the sidewalk. Baker, Hill, and Wilson were in the SUV with Anderson. Anderson shot Roberts and drove away. Anderson warned Baker, Hill, and Wilson to not say anything, and he gave them a description, quite different from his own looks, to give to the police. He dropped them off at Wilson's house.

[4] Hill, Wilson, and Griffin independently identified Anderson in photo arrays as the driver of the SUV, and Hill, Wilson, Baker, and Griffin identified the driver of the SUV as the person who shot Roberts. A jury found Anderson guilty of murder. The court sentenced him to fifty-eight years in the Department of Correction.

[1] Ind. Code § 35-42-1-1 (2012).

# Discussion and Decision

Our standard of review is well-settled:

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (quotations, citation, and footnote omitted) (emphasis in original).

Anderson maintains the evidence is insufficient to support his conviction of murder. A person commits murder when he "knowingly or intentionally kills another human being." Ind. Code § 35-42-1-1 (2012). Thus, the State needed to prove Anderson knowingly or intentionally killed Roberts.

Anderson acknowledges Roberts was murdered, but argues he did not commit the murder. Anderson asserts the inconsistencies in the witnesses' testimony and statements prove their unreliability and do not permit a reasonable fact-finder to infer he committed the murder.

While there were inconsistencies among the witnesses, we must decline Anderson's invitation to reweigh the evidence. Hill, Wilson, and Griffin

independently identified Anderson in photo arrays as the driver of the SUV, and Hill, Wilson, Baker, and Griffin identified the driver of the SUV as the person who shot Roberts. Based on this evidence, the jury could have found Anderson murdered Roberts. *See Holloway v. State*, 983 N.E.2d 1175, 1179 (Ind. Ct. App. 2013) (different inferences may be possible but the inference made was not unreasonable). As the evidence is sufficient to support the conviction, we affirm.

[10] Affirmed.

Barnes, J., and Pyle, J., concur.