## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2015, 10:26 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEYS FOR APPELLANT

Ruth Johnson
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Khamya Slayton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 22, 2015

Court of Appeals Case No.
49A04-1410-CR-463

Appeal from the Marion Superior Court

The Honorable Shatrese Flowers, Commissioner

Cause No. 49F19-1312-CM-79207

---

**Najam, Judge.**

## Statement of the Case

[1] Khamya Slayton appeals her conviction for conversion, as a Class A misdemeanor. Slayton presents a single issue for our review, namely, whether

the State presented sufficient evidence to support her conviction. We affirm and remand with instructions.

## Facts and Procedural History

In November 2013, Kita Cross worked as a supervisor for childcare development planning at the Children's Bureau in Marion County, which helps low-income families obtain child care. On November 25, Slayton came to Cross's office, where the two met for approximately twenty minutes. For the duration of the meeting, Cross had her cell phone, which was plugged into a charger, resting on top of her desk.

At the conclusion of the meeting, Cross and Slayton exited the office, and Cross went to make copies of certain documents provided by Slayton. When Cross went to the copy machine, Slayton stated that "she forgot something" and reentered the office. Tr. at 14. Cross could see her office door from the copy machine, and, when Slayton again exited the office, Cross observed Slayton "stuff[] something into her purse" before Slayton headed to the lobby located down the hall. *Id.* at 15. Cross then met Slayton in the lobby where she returned Slayton's documents.

At that point, Cross revisited her office and noticed her cell phone missing. No one else had been inside of her office since Slayton reentered it, and Slayton did not have Cross's permission to remove the cell phone from Slayton's office. Thus, Cross immediately went back to the lobby to confront Slayton, but Slayton already had left. Cross called the police to report her cell phone

missing, but the phone was never recovered. As a result, Cross had to replace it. Although the phone was worth $600, Cross had purchased insurance for the phone and, therefore, replaced it for $150, the amount of her deductible.

On December 13, the State charged Slayton with conversion, as a Class A misdemeanor, and the trial court held a bench trial on September 4, 2014. At the conclusion of the trial, the court found Slayton guilty as charged and sentenced her to 365 days in the Marion County Jail, which the court suspended to supervised probation. As conditions of her probation, the trial court ordered Slayton to write an apology letter and to complete sixty-four hours of community service. Further, the court orally ordered Slayton to pay Cross restitution in the amount of $150, but the court did not include this condition in its sentencing order. This appeal ensued.

## Discussion and Decision

Slayton contends that the State failed to present sufficient evidence to support her conviction for conversion. Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations and quotation marks omitted).

[7] In order to prove conversion, as a Class A misdemeanor, the State was required to show that Slayton "knowingly or intentionally exert[ed] unauthorized control over property of another person." Ind. Code § 35-43-4-3(a). The State may prove the elements of an offense "entirely by circumstantial evidence and the logical inferences drawn therefrom." *Holloway v. State*, 983 N.E.2d 1175, 1178 (Ind. Ct. App. 2013).

[8] In support of her argument that the evidence fails to support her conviction, Slayton points out that authorities never recovered the phone and contends that

> [a] phone is small, slick, and easy to hide and slip into a purse. It goes against common experience and common sense that a person would make the effort to go back into an office to steal a phone and then walk out of the office and in front of the person whose phone had just been taken[ and] very obviously try to "stuff something (presumably the phone) into a purse."

Appellant's Br. at 6. Slayton's argument, however, requests that we reweigh the evidence, which Slayton acknowledges we cannot do.

[9] In any event, we hold that the evidence, although circumstantial, was sufficient to support Slayton's conviction. The evidence demonstrated that Cross' cell phone was present in her office until Slayton reentered and exited the office the second time. Slayton was the only person other than Cross to enter the office,

and Slayton did not have permission to take Cross' cell phone. We, therefore, affirm Slayton's conviction.

[10] However, we note that the probation conditions orally imposed by the trial court at sentencing do not correspond to the court's written sentencing order. Therefore, we remand to the trial court to clarify its sentencing order.

Affirmed and remanded.

Baker, J., and Friedlander, J., concur.