## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 20 2015, 8:49 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trent Fitzmaurice, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 20, 2015 <br><br> Court of Appeals Case No. <br> 08A02-1411-CR-782 <br><br> Appeal from the Carroll Superior Court <br><br> The Honorable Kurtis Fouts, Judge <br><br> Case No. 08D01-1403-FD-23 |

**Crone, Judge.**

## Case Summary

[1] Trent Fitzmaurice appeals his convictions for class D felony dealing in a sawed-off shotgun and class D felony theft. The dispositive issue presented for our

review is whether the State presented sufficient evidence to support his convictions. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

Mary Giddens and her son Brock each owned a pickup truck which they parked outside their home in Carroll County. One night in March 2014, Brock drove his truck home between 9:00 and 10:00 and parked it near their driveway. The following day, Brock returned home from school at about 3:30 p.m. and noticed that the hood of his truck was slightly raised. He went over to the truck and found that the battery was missing. Brock called his mother and asked if she had taken the battery. She had not. A few hours later, Brock went to remove the battery from his mother's truck to put into his and discovered that the battery was missing from her truck as well. At that point, both Brock and Mary called the police to report the theft.

Deputy Sheriffs Mitchell Catron and Spencer Kingery arrived, and Brock reported that at around 5:30 that evening, his friend Colton arrived at the house to pick him up. Upon Colton's arrival, Brock noticed a white pickup truck that he had never seen before driving slowly past their house. He watched the truck drive to and park at an abandoned house about a half mile down the road. Later, Brock saw a man sitting in a field near his home on a dirt bike. The man was watching him and Colton as they pulled off in Colton's vehicle. Once they spotted the man, Colton slowed down so that they could get a better look. The man on the dirt bike took off toward the abandoned house. When Brock

returned home, he could see a mud trail from the field going to the abandoned house.

[4] Deputy Kingery also noticed the mud trail coming from the west side of the field and continuing to the abandoned house. Deputy Catron approached the abandoned house and noticed a light on upstairs, as well as a white pickup truck and green dirt bike with fresh mud on it that matched the description Brock gave. The front door had a "No Trespassing" sign on it and a busted lock. Deputy Catron knocked, and Fitzmaurice answered the door without a coat or shoes. Another man named Michael Dye was also inside the house but did not come to the door with Fitzmaurice. Deputy Catron explained why he was there, and Fitzmaurice admitted that he was riding the dirt bike but denied stealing the batteries. Deputy Catron asked to come inside to look for the batteries, but Fitzmaurice refused. Fitzmaurice told the deputies that a man named Angel owned the house, so he could not let them in without Angel's permission. He did not know Angel's last name or phone number. Fitzmaurice said that he was hired by Angel and was staying in the upstairs bedroom while he fixed up the house. Police dispatch discovered that the owner of the house was Angel Herrera, LLC.

[5] Fitzmaurice began to shiver when he was standing in the doorway and asked if he could get his coat from upstairs. Deputy Kingery asked if he could follow him for officer safety, and Fitzmaurice refused because "there [were] a couple pipes up there that were used to smoke spice." Tr. at 90. Deputy Kingery had

Fitzmaurice and Dye step outside. He handcuffed them and told him that he would be requesting a search warrant.

[6] When the search warrant was executed in the upstairs bedroom where Fitzmaurice was staying, two batteries matching the description of the ones stolen from the Giddenses were found. The batteries were wired to a lamp that was lighting the room. A burnt pen tube used to ingest illegal substances was found on top of one of the batteries. Additionally, a black hooded sweatshirt was found on top of a duffle bag, and underneath the duffle bag was a sawed-off twelve-gauge shotgun. Inside the sweatshirt pocket was a glass pipe used to ingest illegal substances with apparent residue on it. Two rifles were also found in the upstairs bedroom. The two rifles, which Fitzmaurice admitted belonged to him, were lying right next to the duffle bag.

[7] The State charged Fitzmaurice with class D felony dealing in a sawed-off shotgun, class D felony theft, and class A misdemeanor possession of paraphernalia. The jury found him guilty as charged. This appeal ensued.

## Discussion and Decision

## Section 1 — The evidence is sufficient to sustain Fitzmaurice's class D felony dealing in a sawed-off shotgun conviction.

[8] Fitzmaurice challenges the sufficiency of the evidence supporting his felony convictions. When reviewing the sufficiency of the evidence to support a conviction, we examine only the probative evidence and reasonable inferences that support the verdict. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014).

Whether the evidence is direct or circumstantial, we will not reweigh it or assess the credibility of witnesses. *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995). Rather, we consider only the evidence most favorable to the verdict and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Morgan*, 22 N.E.3d at 573.

[9] To sustain a conviction for class D felony dealing in a sawed-off shotgun, the State was required to prove beyond a reasonable doubt that Fitzmaurice possessed a sawed-off shotgun. Ind. Code § 35-47-5-4.1(a)(6).[1] Fitzmaurice concedes that he was present in the house but argues that the State failed to prove that he possessed the sawed-off shotgun. A person actually possesses contraband when he has direct physical control over it. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). "When the State cannot show actual possession, a conviction for possessing contraband may rest instead on proof of constructive possession." *Id*. Since Fitzmaurice was not in actual possession of the shotgun, the State was required to prove constructive possession.

[10] To prove constructive possession, the State had to show that Fitzmaurice had both (1) the intent and (2) the capability to maintain dominion and control over the sawed-off shotgun. *Iddings v. State*, 772 N.E.2d 1006, 1015 (Ind. Ct. App. 2002).

> To prove the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband, which may

---

[1] The legislature has repealed this statute effective July 1, 2015.

be inferred from either the exclusive dominion and control over the premises containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband.

*Id*.

Additional circumstances have been shown by various means, including incriminating statements made by the defendant, proximity of the contraband to the defendant, location of the contraband within the defendant's plain view, and the mingling of the contraband with other items owned by the defendant. *Gee v. State*, 810 N.E.2d 338, 341 (Ind. 2004). The capability requirement is met when the State shows that the defendant was able to reduce the contraband to his personal possession. *Id*. The nature of the place where the contraband is found may be such that it would defy logic and human experience to believe that adults with a possessory interest in the premises were unaware of the presence of the contraband. *Carnes v. State*, 480 N.E.2d 581, 587 (Ind. Ct. App. 1985).

[11] Regarding the intent prong, Fitzmaurice admitted that he was staying in the only upstairs bedroom and that there were illegal drug pipes in that room. It could be inferred that if he knew that the drug pipes were present inside the bedroom, he knew that the shotgun was also inside the bedroom. *See id.* (considering bedroom occupancy a factor in determining whether defendant had knowledge of contraband found in that bedroom), *trans. denied*. He also testified that he was the only one with permission to stay at the house, and that when he arrived, he went upstairs to the bedroom and set down his change of

clothes. It could reasonably be inferred that the duffle bag and sweatshirt that were comingled with the sawed-off shotgun were the change of clothes that Fitzmaurice referenced. Based on the foregoing, we conclude that the State introduced sufficient evidence of circumstances pointing to Fitzmaurice's knowledge of the presence of the sawed-off shotgun and his intent to maintain dominion and control over it.

[12] Regarding capability, Fitzmaurice admitted that he was staying in the upstairs bedroom, his belongings were there, and his truck and bike were located on the premises. It would defy logic and human experience to believe that Fitzmaurice was not able to reduce the shotgun to his personal possession. The shotgun was inside the room where he was staying and comingled with his belongings where he could easily access it and maintain dominion and control over it. Based on the foregoing, a reasonable factfinder could find beyond a reasonable doubt that Fitzmaurice constructively possessed the shotgun. Therefore, we affirm his conviction for class D felony dealing in a sawed-off shotgun.

## Section 2 — The evidence is sufficient to sustain Fitzmaurice's class D felony theft conviction.

[13] To sustain a conviction for class D felony theft, the State was required to prove beyond a reasonable doubt that Fitzmaurice knowingly or intentionally exerted unauthorized control over the Giddenses' batteries, with the intent to deprive them of any part of their value or use. Ind. Code § 35-43-4-2(a). Fitzmaurice argues that the State failed to prove his guilt beyond a reasonable doubt.

[14] A conviction may be based solely on circumstantial evidence, and on appeal that evidence "need not overcome every reasonable hypothesis of innocence." *Moore*, 652 N.E.2d at 55. While the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft, such possession is to be considered along with the other evidence regarding the circumstances of the possession. *Holloway v. State*, 983 N.E.2d 1175, 1179 (Ind. Ct. App. 2013). Such evidence may include whether the property was possessed right next door as opposed to many miles away, and how recent in time was the possession from the moment the item was stolen. *Id*. "The fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt." *Id*.

[15] Fitzmaurice was staying in the bedroom of an abandoned residence half a mile from where the batteries were stolen. The batteries were discovered inside that bedroom within eighteen hours of their being stolen. With no electricity, the batteries were the only source of light in the house. Such facts logically and reasonably point to his guilt when viewed in the totality of the circumstances. Fitzmaurice's argument is merely a request to reweigh the evidence and credit his own viewpoint, which the jury obviously did not. Appellate courts do not reweigh the evidence or assess witness credibility. Therefore, we affirm Fitzmaurice's conviction for class D felony theft.

Affirmed.

Brown, J., and Pyle, J., concur.