# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2016, 8:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kiaget Davis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 23, 2016<br><br>Court of Appeals Case No.<br>49A05-1510-CR-1668<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Linda Brown, Judge<br><br>Trial Court Cause No.<br>49G10-1412-CM-53583 |

**Altice, Judge.**

## Case Summary

[1] Following a bench trial, Kiaget Davis was found guilty of one count of theft as a Class A misdemeanor. Davis appeals, arguing that the State's evidence was insufficient to support her conviction.

[2] We affirm.

## Facts & Procedural History

[3] On December 2, 2014, Jovanny Fernandez was working as an associate in the loss prevention office of the Walmart located on Lafayette Road in Marion County. Through video surveillance, Fernandez watched Davis select merchandise off the shelf in the Health and Beauty section and then walk straight to self-checkout register forty-seven located at the south end of the store.

[4] Fernandez observed Davis as she concealed two cosmetic items, without scanning or paying for them, in a Walmart bag she picked up next to the register. Davis then attempted to scan other items she had in her hand, but was unsuccessful. She called for an associate to help her and the associate proceeded to scan the items, but not the cosmetic items that were in the Walmart bag. Once finished with the transaction, Davis took the purchased and unpurchased items and walked toward the exit. When Davis passed the last point of sale, an officer stopped her and escorted her to an office where they were joined by Fernandez.

[5] Upon a search of her person, the officer found two more cosmetic items in Davis's jacket sleeve. Davis stated that she purchased the cosmetics from a different Walmart located on 86th Street in Marion County. Fernandez attempted to verify the date Davis said the transaction transpired at the 86th Street Walmart, but was unsuccessful. Davis also stated that she may have purchased the cosmetics at Target. However, Fernandez was able to verify that the cosmetics came from Walmart—and not Target—when he scanned the Universal Product Code (UPC) on each item and obtained pricing information. Fernandez testified that each store has a different UPC and "when [Walmart] scan[s] an item from Target, [Walmart] [is] [not] going to have the price of the [Target] item." *Transcript* at 24.

[6] On December 2, 2014, the State charged Davis with Class A misdemeanor theft. On September 29, 2015, a bench trial was held and the trial court found Davis guilty of one count of theft as a Class A misdemeanor. That same day, the trial court imposed a sentence of three hundred sixty-five days with three hundred sixty-one days suspended and credit for two days served. Davis now appeals.

## Discussion & Decision

[7] Davis argues that the State presented insufficient evidence to support the conviction for Class A misdemeanor theft. When reviewing the sufficiency of the evidence to support a criminal conviction, the reviewing court will "consider only the probative evidence and reasonable inferences supporting the

conviction" and will not "reweigh the evidence nor assess witness credibility." *Holloway v. State*, 983 N.E.2d 1175, 1177 (Ind. Ct. App. 2013). The reviewing court will affirm the conviction "unless no reasonable fact-finder could conclude the elements of the crime were proven beyond a reasonable doubt." *Id.* Further, a conviction of Class A misdemeanor theft may be sustained by circumstantial evidence alone "if the circumstantial evidence supports a reasonable inference of guilt." *Hayworth v. State*, 798 N.E.2d 503, 507 (Ind. Ct. App. 2003).

[8]     To sustain a conviction of theft as a Class A misdemeanor the State was required to prove that Davis "knowingly or intentionally exert[ed] unauthorized control over property of [Walmart], with intent to deprive . . . [Walmart] of any part of its value or use." *See* Ind. Code § 35-43-4-2(a). To "exert control over property" means to "obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property." I.C. § 35-43-4-1(a). Davis's "control over property . . . is unauthorized" if it was "without . . . [Walmart's] consent[.]" *See* I.C. § 35-43-4-1-(b)(1).

[9]     On appeal, Davis asserts that there is a reasonable doubt that she intended to exert unauthorized control over Walmart's property. She essentially asks us to reweigh the evidence by arguing that it is plausible for her to have believed that she paid for all the items she had with her at the self-checkout and purchased the cosmetic items found in her jacket sleeve at another store.

[10] Fernandez was an eyewitness through video surveillance to Davis's activities inside Walmart. He saw Davis take items off the shelf in the Health and Beauty section, conceal two cosmetics in a bag before paying for the other items, and then attempt to leave the store without paying for all the items. After Davis had passed the last point of sale, she was detained and additional items belonging to Walmart were found in her jacket sleeve. Additionally, Fernandez was able to verify through the UPC scanner that the cosmetics in Davis's jacket sleeve came from Walmart and not Target.

[11] From this evidence, a reasonable inference can be drawn that Davis intended to exert unauthorized control over Walmart's property. We reject Davis's invitation to reweigh the evidence or assess witness credibility. We therefore conclude that there was sufficient evidence to support Davis's conviction for Class A misdemeanor theft.

[12] Judgment affirmed.

[13] Bailey, J. and Bradford, J., concur.