# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 09 2018, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen M. Heard
Vanderburgh County Public Defender's Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Steven Eble,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 9, 2018

Court of Appeals Case No.
18A-CR-650

Appeal from the Vanderburgh Superior Court

The Honorable Robert J. Pigman, Judge

Trial Court Cause No.
82D03-1710-F5-6727

**Crone, Judge.**

# Case Summary

Steven Eble appeals his conviction for level 6 felony theft following a jury trial. Eble argues that there was insufficient evidence to support his conviction and that the trial court abused its discretion in sentencing him. Finding the evidence sufficient and that the court did not abuse its discretion, we affirm.

# Facts and Procedural History

The evidence most favorable to the verdict shows that on February 27, 2018, after arriving home from work, Alan Folz found the two locks that were used to lock his outbuildings on the ground. Realizing that some of his tools were missing from his outbuildings, including a Hitachi drill and a Makita saw, Folz called the police. Folz provided the police with a description of the missing tools, and two speed wrenches were found in the alley behind Folz's residence when the police searched the premises.

The following day, the police responded to a trespass at an abandoned property a few blocks away from Folz's house, where they found Eble, Terry Kellems, and an unidentified female. A search of the property uncovered some of the missing tools. The police arrested Kellems because he had a warrant out for his arrest, but Eble was allowed to leave.

Following the trespass incident, Folz visited a pawn shop that was located only a few blocks from his residence and identified some of his missing tools, specifically the Hitachi drill and the Makita saw. The pawn shop records indicated that Eble had sold the tools to the pawn shop on the same day that

Folz realized the tools were stolen. Eble had signed the seller's bill of sale acknowledging a phrase that indicated he owned the merchandise he was selling, and his thumbprint was found on the back.

The State charged Eble with level 5 felony burglary and level 6 felony theft based on a prior theft conviction. At trial, Eble testified that he did not know the tools were stolen, and he merely pawned the tools for Kellems, whom he believed was the rightful owner. The jury found Eble guilty of theft, but not burglary, and he admitted to his prior conviction. The trial court sentenced him to 810 days, which is more than eight months longer than the advisory sentence for a level 6 felony. Ind. Code § 35-50-2-7. This appeal ensued.

## Discussion and Decision

## Section 1 – The evidence presented supports Eble's theft conviction.

Eble challenges the sufficiency of the evidence supporting his conviction. "When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility." *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). Instead, we consider only the evidence supporting the verdict and any reasonable inferences that arise therefrom. *Id.* It is unnecessary that evidence "overcome every reasonable hypothesis of innocence." *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995). "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001). "We

will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Bailey*, 907 N.E.2d at 1005.

[7] Eble maintains that the evidence is insufficient to support his conviction for theft. Indiana Code Section 35-43-4-2(a) provides in pertinent part that a person who knowingly or intentionally exerts unauthorized control over property of another person with the intention of depriving the other person of any part of its value or use commits theft. To convict Eble of theft, the State had to prove these elements, and also that Eble knew that the property was stolen, which may be established by circumstantial evidence. *See Stone v. State*, 555 N.E.2d 475, 477 (Ind. 1990).

[8] Eble concedes that he possessed the stolen property. However, he argues that the evidence does not show he knew the property was stolen. "The test of knowledge is not whether a reasonable person would have known that the [property] had been the subject of theft but whether, from the circumstances surrounding his possession of the [property, Eble] knew that it had been the subject of theft." *Gibson v. State*, 643 N.E.2d 885, 888 (Ind. 1994). The mere unexplained possession of recently stolen property standing alone does not automatically support a theft conviction. *Holloway v. State*, 983 N.E.2d 1175, 1179 (Ind. Ct. App. 2013). "The fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt." *Id*.

In this case, Eble contends that he did not know the tools were stolen, and therefore the evidence was insufficient to support the theft conviction. At trial, Eble claimed that Kellems told him that the tools belonged to Kellems and that Kellems asked Eble to take the tools to the pawn shop because he had lost his ID. Eble points out that he did not try to conceal his possession of the tools, and he even used his ID and fingerprint when he sold the tools to the pawn shop. However, the evidence presented shows that Eble pawned the tools taken from Folz's home on the same day the tools were taken and knowingly signed a bill of sale indicating that the property was his when he knew this not to be true.[1] A reasonable inference to be drawn from this evidence is that Eble knew that the property was stolen. Therefore, we affirm his conviction.

## Section 2 – The trial court did not abuse its discretion in sentencing Eble.

The trial court made the following statement pertaining to Eble's sentence enhancement: "The court selects an aggravated sentence based on [Eble's] prior criminal record, particularly the kinds of offenses he was convicted for here." Tr. Vol. 2 at 122. Eble argues that the trial court improperly used a material element of the offense, namely his prior theft conviction, as an aggravating circumstance to enhance his sentence. *See Gomillia v. State*, 13 N.E.3d 846, 852

---

[1] We are unpersuaded by Eble's reliance on *Fortson v. State*, 919 N.E.2d 1136 (Ind. 2010), because the defendant in that case never claimed that the truck he allegedly stole was his.

(Ind. 2014) (finding that the use of a material element of a crime as an aggravating factor is improper under some circumstances).

[11] "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court." *Webb v. State*, 941 N.E.2d 1082, 1088 (Ind. Ct. App. 2011), *trans. denied*. Trial courts "may abuse [their] discretion by issuing an inadequate sentencing statement, finding aggravating or mitigating factors that are not supported by the record, omitting factors that are clearly supported by the record and advanced for consideration, or by finding factors that are improper as a matter of law." *Id*.

[12] We find no abuse of discretion here. The trial court did not single out Eble's prior theft conviction that was used to elevate his current conviction to a level 6 felony, but instead considered his entire criminal record, which includes a multitude of theft, trespass, and drug-related convictions. Therefore, we affirm Eble's sentence.

[13] Affirmed.

Najam, J., and Pyle, J., concur.