## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 13 2019, 8:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Yorlin Bunkky Tharbs,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 13, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1336<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Jane Woodward Miller, Judge<br><br>Trial Court Cause No.<br>71D01-1508-F3-39 |

**Pyle, Judge.**

# Statement of the Case

Yorlin Tharbs ("Tharbs") appeals his conviction, following a jury trial, for Level 3 felony resisting law enforcement.[1] Tharbs argues that there was insufficient evidence as to the issue of identity to support his conviction. Concluding that there was sufficient probative evidence and reasonable inferences for jurors to find Tharbs guilty beyond a reasonable doubt, we affirm his conviction.

We affirm.

# Issue

> Whether there was sufficient evidence to support Tharbs' resisting law enforcement conviction.

# Facts

Sometime during the night of October 5, 2014, and the early morning of October 6, 2014, deputies from the Elkhart County Sheriff's Department were dispatched to a security alarm at a trailer factory. Deputy Eric Dilley ("Deputy Dilley") arrived at the factory and observed a white Monte Carlo vehicle with four occupants. Deputy Dilley shined his flashlight towards the vehicle and yelled, "Sheriff's Department stop!" (Tr. Vol. 2 at 82). The Monte Carlo sped out of the parking lot and accelerated westbound. Deputy Dilley was unable to

---

[1] IND. CODE § 35-44.1-3-1.

pursue the vehicle and used his radio to notify other law enforcement personnel that the suspect vehicle had fled. The deputy provided a description of the vehicle and indicated the direction of travel.

[4] Elkhart County Sheriff's Department's Bryant Byler ("Deputy Byler") heard Deputy Dilley's report and observed a white Monte Carlo driving at a high rate of speed. Deputy Byler activated his emergency lights and siren and pursued the vehicle. The pursuit continued into St. Joseph County, and the vehicle reached speeds in excess of 110 miles per hour.

[5] At some point during the pursuit, the vehicle veered off of the road and clipped a pole. It then went into the air, flipped, and continued rotating until it landed against a tree. The vehicle "was wedged in a tree so . . . the left door of the car[,] the driver's side[,] would have been pointing up to the sky. The right side was pointing to the ground." (Tr. Vol. 2 at 98-99). It "wasn't completely on its side, but it wasn't on its wheels either." (Tr. Vol. 3 at 13).

[6] Officers from the St. Joseph County Police Department responded to the pursuit and joined Deputy Byler at the scene of the crash. They found Tharbs unconscious and entrapped in the driver's seat. His upper body was leaning towards the passenger seat and "[t]he bottom portion of his body was under the driver's side . . . pinned." (Tr. Vol. 2 at 87). One other individual was inside of the vehicle and two others had been ejected, with one laying in the woods nearby and the other on the ground "just outside the passenger door by the front right tire." (Tr. Vol. 3 at 49).

[7]     Due to the severity of the crash, various types of emergency personnel responded to the scene. The Mishawaka Fire Department was tasked with extricating Tharbs, whose legs were pinned underneath the steering column in the driver's seat. All of the occupants were transported to the hospital and received treatment for their extensive injuries. Mario Beristain ("Beristain"), the occupant found near the passenger door by the front tire, died as a result of the severity of his injuries.

[8]     Timothy Spencer ("Commander Spencer"), a member of the Mishawaka Police Department, Commander of the St. Joseph County Fatal Crash Team, and traffic reconstructionist, also responded to the scene. Upon his arrival, he and his team engaged in a process called photogrammetry to reconstruct the accident.[2] Commander Spencer later testified that, based on the reconstruction, his training, and experience, Tharbs was the driver of the vehicle.

[9]     On August 5, 2015, the State charged Tharbs with six counts. However, in January of 2017, the state amended the charging information to three counts, including one count of resisting law enforcement as a Level 3 felony and two counts of resisting law enforcement as Level 5 felonies. A four-day trial commenced on March 12, 2018. Tharbs' defense was that Beristain was driving the vehicle. During the trial, five members from the Mishawaka Fire Department, three officers from the Mishawaka Police Department, three

---

[2] Merriam–Webster's Online Dictionary defines photogrammetry as "the science of making reliable measurements by the use of photographs[.]" Merriam–Webster Online Dictionary, available at http://www.merriam-webster.com/dictionary/photogrammetry (last visited February 28, 2019).

officers from the St. Joseph County Police Department, two deputies from the Elkhart County Sheriff's Department, and one officer from the South Bend Police Department all testified to what they observed on the night of the accident. Apart from one deputy from the Elkhart Sheriff's Department, all of the witnesses listed above were at the scene of the crash. Their collective testimony at trial, based on their various observations, indicated that Tharbs was in the driver's seat of the vehicle prior to the crash. The jury found Tharbs guilty of all charges.

[10] At Tharbs' sentencing hearing, the trial court entered a judgment of conviction as to the Level 3 felony resisting law enforcement, withholding judgment on the other two counts. Tharbs was sentenced to nine (9) years, with six (6) years executed on St. Joseph County Community Corrections and three (3) years suspended to probation. Tharbs now appeals. Additional facts will be provided as necessary.

# Decision

[11] On appeal, Tharbs challenges the sufficiency of the evidence for his Level 3 felony resisting law enforcement conviction. Our standard of review for sufficiency of evidence claims is well-settled. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id*. Thus, the evidence is not required to overcome every reasonable hypothesis of

innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*. at 147.

[12] A person commits resisting law enforcement as a Class A misdemeanor if he knowingly or intentionally "flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop[.]" I.C. § 35-44.1-3-1(a)(3). The offense is elevated to a Level 3 felony if, while committing the offense, "the person operates a vehicle in a manner that causes the death of another person[.]" I.C. § 35-44.1-3-1(b)(3).

[13] Tharbs claims that the evidence was insufficient to prove that he was driving the vehicle at the time of the accident and therefore fleeing from law enforcement officers. In addressing Tharbs' claim, we note that identification testimony need not necessarily be unequivocal to sustain a conviction. *Holloway v. State*, 983 N.E.2d 1175, 1178 (Ind. Ct. App. 2013). In addition, the elements of an offense and the identity of the accused may be established entirely by circumstantial evidence and the logical inferences drawn therefrom. *Id*. As with other sufficiency matters, we will not weigh the evidence or resolve questions of credibility when determining whether the identification evidence is sufficient to sustain a conviction. *Id*. Rather, we examine the evidence and the reasonable inferences therefrom that support the conviction. *Id*.

[14] Our review of the record reveals that testimony of multiple officers established that Tharbs was in the driver's seat of the crashed Monte Carlo. As detailed above, several law enforcement and emergency personnel responded to the scene of the accident. The witnesses recounted their various observations at trial and all came to the same conclusion – that Tharbs' "legs were pinned underneath . . . the dash and the steering wheel. And then his body was lying kind of across the [front passenger] seat because of the car being titled." (Tr. Vol. 2 at 99).

[15] Further, Tharbs' entrapped position in the vehicle also indicated that he was the driver. Commander Spencer, an accredited traffic reconstructionist, testified as follows:

> The damage to the car was very telling, . . . but what was unique about this case and the best evidence as far as who was driving or who was where in the car, the best piece of information that we could ever hope for is entrapment. Well, it's obviously very unfortunate for those who are entrapped. It's a huge piece of evidence and the majority of my opinion in this case was based on the entrapment.

> * * *

> If, if there's entrapment, that is the strongest piece of evidence, I feel, that can exist of to where somebody was sitting when the damage occurred.

> * * *

> But, like, I said, the majority of, of my opinion here was based on what I've always found, and, I believe, is industry wide and the biggest and best possible piece of evidence you can ever have

when it comes to determining where people [are] sitting is entrapment.

(Tr. Vol. 3 at 17, 30, 37).  Commander Spencer concluded that based on his investigation, training, and experience, Tharbs was the driver of the vehicle.

[16]   Viewing the probative evidence presented and the reasonable inferences drawn therefrom, we conclude that the State presented sufficient evidence to support Tharbs' resisting law enforcement conviction.  Tharbs' arguments otherwise amount to a request for this Court to reweigh the evidence, which we cannot do.  *See Drane*, 867 N.E.2d at 146.  Accordingly, we affirm Tharbs' Level 3 felony resisting law enforcement conviction.

[17]   Affirmed.

Najam, J., and Altice, J., concur.